UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
LUIS FERNANDEZ,

                           Plaintiff,                           **COMPLAINT**

    -against-

65-38 OWNERS CORP., ORSID REALTY CORP. and TOTAL       JURY TRIAL
MANAGEMENT NYC LLC, and JOEL ABREU, BILLY             REQUESTED
DENK and NARO DZIDZOVIC, as individuals,

                           Defendants.
------------------------------------------X

Plaintiff, **LUIS FERNANDEZ** (hereinafter referred to as "Plaintiff") by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against 65-38 OWNERS CORP., ORSID REALTY CORP. and TOTAL MANAGEMENT NYC LLC, and JOEL ABREU, BILLY DENK and NARO DZIDZOVIC, as individuals, (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 65-38 Booth Street, Rego Park, NY, 11374.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## **THE PARTIES**

### i. Plaintiff

7. Plaintiff LUIS FERNANDEZ residing at Rego Park, NY 11374 has been employed by Defendants as a superintendent for a residential building located at 65-38 Booth Street, Rego Park, New York 11374 ("the Building") from in or around May 2011 until present.

### ii. Defendants

8. Defendant, 65-38 OWNERS CORP., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 65-38 Booth Street, Rego Park, New York 11374.

9. Upon information and belief, Defendant 65-38 OWNERS CORP. is the owner of the property complex with approximately sixty-one (61) apartment units located at 65-38 Booth Street, Rego Park, New York 11374.

10. Upon information and belief, Defendant 65-38 OWNERS CORP. hired ORSID REALTY CORP. and TOTAL MANAGEMENT NYC LLC to perform services at 65-38 Booth Street, Rego Park, New York 11374.

11. ORSID REALTY CORP. serviced the Building at the outset of Plaintiff's employment through in or around 2020 when TOTAL MANAGEMENT NYC LLC replaced ORSID REALTY CORP.

12. Defendant ORSID REALTY CORP. is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 156 West 56th Street, 6th Floor, New York, New York 10019.

13. Upon information and belief, Defendant ORSID REALTY CORP. was the property managing corporation for 65-38 OWNERS CORP.

14. Upon information and belief, Defendant NARO DZIDZOVIC is the Senior Account Executive of ORSID REALTY CORP.

15. Upon information and belief, Defendant NARO DZIDZOVIC is an agent of ORSID REALTY CORP.

16. Upon information and belief, NARO DZIDZOVIC was responsible for overseeing all daily operations at the Building on behalf of ORSID REALTY CORP.

17. Upon information and belief, NARO DZIDZOVIC had power and authority over all the final personnel decisions at the Building on behalf of ORSID REALTY CORP.

18. Upon information and belief, NARO DZIDZOVIC had the power and authority over all final payroll decisions at the Building on behalf of ORSID REALTY CORP., including the Plaintiff.

19. Upon information and belief, NARO DZIDZOVIC had the exclusive final power to hire the employees to work at the Building on behalf of ORSID REALTY CORP., including the Plaintiff.

20. Upon information and belief, NARO DZIDZOVIC had exclusive final power over the firing and terminating of the employees at the Building on behalf of ORSID REALTY CORP., including Plaintiff.

21. Upon information and belief, NARO DZIDZOVIC was responsible for determining, establishing, and paying the wages of all employees of ORSID REALTY CORP. at the Building, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

22. Accordingly, Defendant NARO DZIDZOVIC was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

23. Defendant, TOTAL MANAGEMENT NYC LLC, is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 2493 Arthur Avenue, Bronx, NY 10458.

24. Upon information and belief, Defendant TOTAL MANAGEMENT NYC LLC, is the property managing corporation for 65-38 OWNERS CORP.
25. Upon information and belief, Defendant JOEL ABREU is the Head Officer and President of TOTAL MANAGEMENT NYC LLC.
26. Upon information and belief, Defendant JOEL ABREU is an agent of TOTAL MANAGEMENT NYC LLC.
27. Upon information and belief, JOEL ABREU is responsible for overseeing all daily operations of TOTAL MANAGEMENT NYC LLC.
28. Upon information and belief, JOEL ABREU has power and authority over all the final personnel decisions of TOTAL MANAGEMENT NYC LLC.
29. Upon information and belief, JOEL ABREU has the power and authority over all final payroll decisions of TOTAL MANAGEMENT NYC LLC, including the Plaintiff.
30. Upon information and belief, JOEL ABREU has the exclusive final power to hire the employees of TOTAL MANAGEMENT NYC LLC, including the Plaintiff.
31. Upon information and belief, JOEL ABREU has exclusive final power over the firing and terminating of the employees of TOTAL MANAGEMENT NYC LLC, including Plaintiff.
32. Upon information and belief, JOEL ABREU is responsible for determining, establishing, and paying the wages of all employees of TOTAL MANAGEMENT NYC LLC, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.
33. Accordingly, Defendant JOEL ABREU was and is Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.
34. Upon information and belief, BILLY DENK is the Property Manager at the Building.
35. Upon information and belief, BILLY DENK was and is Plaintiff's direct supervisor at the Building.
36. BILLY DENK would instruct Plaintiff what work needed to be performed and managed Plaintiff on a daily basis.
37. Plaintiff reported directly to BILLY DENK.
38. BILLY DENK would call Plaintiff when emergency work needed to be done outside of his scheduled hours.

39. BILLY DENK has the power to set Plaintiff's schedule, determine his hours worked and has the ability to terminate Plaintiff.

40. Accordingly, Defendant BILLY DENK was and is Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

41. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiff.

42. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that 65-38 OWNERS CORP., ORSID REALTY CORP. and TOTAL MANAGEMENT NYC LLC (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

43. Under the FLSA and NYLL, Plaintiffs federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed on Juy 2022. As such, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning July 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

44. Plaintiff LUIS FERNANDEZ has been employed by 65-38 OWNERS CORP. and TOTAL MANAGEMENT NYC LLC, as a superintendent and building maintenance worker while performing related miscellaneous duties for the Defendants, from in or around May 2011 until present.

45. However, due to an injury that Plaintiff suffered, Plaintiff has been out on leave since August 2021, but is scheduled to return to work in September 2022.

46. As a superintendent and building maintenance worker, Plaintiff performed work at the property complex of 65-38 OWNERS CORP. located at 65-38 Booth Street, Rego Park, NY 11374.
47. According to Plaintiff's contract with Defendants, Plaintiff LUIS FERNANDEZ was required to work five (5) days per week.
48. During the relevant statutory period, Plaintiff LUIS FERNANDEZ was required to regularly work a schedule of shifts beginning at 8:00 a.m. each workday and regularly ending at approximately 4:00 p.m., Monday through Friday each week.
49. Thus, during the relevant statutory period, Plaintiff was regularly required to work a "regular schedule" of forty (40) hours per week.
50. During his "regular schedule," Plaintiff's duties included, but were not limited to:
    - cleaning the garden, walkways and outdoor areas surrounding the building;
    - cleaning the sidewalk;
    - cleaning the doors and windows to the building;
    - cleaning the lobby and common areas for all six floors of the building;
    - cleaning the laundry room;
    - taking out garbage and bringing garbage and cleaning the recyclables stations on each floor and cleaning the garbage room and compactor;
    - organizing garbage and recyclables for pick up;
    - performing regular repairs at the requests of tenants who live in the building, including plumbing issues, painting, drywall work, and general carpentry and repair work;
    - vacuuming and mopping the floors of the buildings;
    - replacing lights throughout the building;
    - clean and maintain elevators;
    - clean and inspect roof
51. For this work performed during his "regular schedule" of work, Plaintiff was paid approximately $18.28 per hour for exactly and no more than 40 hours per week, totaling a bi-weekly salary of $1,462.60 every two weeks.

52. However, Plaintiff was also required to work an additional sixteen (16) to twenty (20) hours of overtime per week each week during the relevant statutory period for which he did not receive any compensation.
53. Plaintiff worked approximately six (6) hours per day on both Saturdays and Sundays each week during the relevant statutory period.
54. Thus, although he was not compensated at all for his hours on Saturday and Sunday, Plaintiff was required to perform approximately twelve hours of work on the weekends.
55. Plaintiff was still required to perform many of his same job duties that he performed during the week on Saturdays and Sundays, including but not limited to: vacuuming and mopping the floors of the building, cleaning the lobby, cleaning the laundry room, cleaning the sidewalk, walkways and outdoor areas of the building, cleaning and maintaining the elevators, cleaning up garbage and the recyclable stations on each of the six floors of the building and making repairs at tenants' requests.
56. In addition to approximately twelve (12) hours of work performed on the weekends, Plaintiff was also required to work outside of his regular work schedule from Monday to Friday (i.e., Plaintiff was required to perform work before 8:00 a.m. and after 4:00 p.m. on Mondays through Fridays).
57. Plaintiff was required to work approximately four (4) to eight (8) hours per week on weekdays outside of his regular schedule of 8:00 a.m. to 4:00 p.m.
58. However, Plaintiff was also not compensated at all for the work performed during these hours.
59. Plaintiff was required to work approximately four (4) to eight (8) hours per week on weekdays due to urgent or emergency work that had to be performed, including but not limited to emergency plumbing issues, emergency lock issues (including tenants who were locked out of their units), emergency outdoor weather-related work (snow or severe rain), issues related to the elevator being stuck (including going on the roof to reset the elevator), issues related to the boiler and electrical issues.
60. On average, Plaintiff would have to address at least five different emergency issues each week outside of his regular schedule at all hours of the day and night.

61. Plaintiff was expected to be on-call and available to perform work for the Building 24 hours per day, 7 days per week and Plaintiff was required each week to work between approximately sixteen (16) to twenty (20) hours per week outside of his "regular schedule" without any compensation.

62. Thus, Defendants failed to properly compensate Plaintiff for approximately sixteen (16) to twenty (20) hours of overtime work performed each week during the relevant statutory period.

63. Further, despite being a manual worker, Defendants failed to properly pay Plaintiff his wages within seven calendar days after the end of the week in which these wages were earned.

64. Defendants paid Plaintiff LUIS FERNANDEZ on a bi-weekly basis during the relevant statutory period, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis

65. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

66. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

67. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

68. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

69. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

72. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

73. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

74. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

75. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

76. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

79. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

80. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Violation of Frequency of Pay Under New York Labor Law**

81. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

82. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

83. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

84. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

### FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

87. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

88. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
89. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
90. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiffs unpaid wages for Defendants' failure to timely pay Plaintiffs' wages;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiff prejudgment and post-judgment interest;
f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:  July 26, 2022
        Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
LUIS FERNANDEZ, individually and on behalf of all others similarly situated,

                              Plaintiff,

        -against-

65-38 OWNERS CORP., ORSID REALTY CORP. and TOTAL MANAGEMENT NYC LLC, and JOEL ABREU, BILLY DENK and NARO DZIDZOVIC, as individuals,

                              Defendants,
_____

### COLLECTIVE ACTION COMPLAINT
_____

*Jury Trial Demanded*
_____

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598
_____

To:

**65-38 OWNERS CORP.**
65-38 Booth St., Rego Park, NY 11374

**TOTAL MANAGEMENT NYC LLC**
2493 Arthur Avenue, Bronx, NY 10458

**JOEL ABREU**
2493 Arthur Avenue, Bronx, NY 10458

**BILLY DENK**
65-38 Booth St., Rego Park, NY 11374

**ORSID REALTY CORP.**
156 West 56th St., 6th Floor, New York, NY 10019

**<u>NARO DZIDZOVIC</u>**
156 West 56th St., 6th Floor New York, NY 10019